UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 26-513(DSD/DJF)

Aliaksandr V.,

    Petitioner,

v.

Pamela Bondi, Attorney General;
Kristi Noem, U.S. Department of
Homeland Security; Todd M.
Lyons, Acting Director of
Immigration and Customs
Enforcement; David Easterwood,
Acting Director, St. Paul Field
Office, Immigration and Customs
Enforcement,

    Respondents.

**ORDER**

This matter is before the court upon the petition for writ of habeas corpus. Based on a review of the file, record, and proceedings herein, the court grants the petition in part.

Petitioner Aliaksandr V. is a citizen of Belarus. Pet. ¶ 3. He was admitted to the United States as a refugee on February 13, 2024. Id. ¶ 1. He has not been charged with or convicted of any crimes, nor has he been issued a removal order. Id. ¶¶ 41. 42.

Petitioner has been in respondents' custody since January 21, 2026. Id. He is believed to be held in Minnesota.

Through his petition, brought under 28 U.S.C. § 2241, petitioner challenges his detention and requests immediate release. Petitioner argues that by detaining him, respondents are

violating his Fifth Amendment right to due process, the Immigration and Nationality Act, 8 U.S.C. §§ 1225(b)(2) and 1226(a), and related regulations, the Administrative Procedures Act, 5 U.S.C. § 706(2)(A), and other laws. Id. ¶¶ 44-68.

Respondents argue that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), because he did not acquire permanent residence status in the United States after one year of living here, as required by 8 U.S.C. § 1159(a). Under § 1159(a):

> Any alien who has been admitted to the United States under section 1157 of this title ... who has been physically present in the United States for at least one year, and ... who has not acquired permanent resident status, shall, at the end of such year period, return or be returned to the custody of the Department of Homeland Security for inspection and examination for admission to the United States as an immigrant in accordance with the provisions of sections 1225, 1229a, and 1231 of this title.

The court disagrees that the failure of refugees to adjust to lawful permanent status within one year of entry subjects them to mandatory detention. Section 1159(a) does not allow for indefinite detention, but rather a brief detention for purposes of "inspection and examination." See Amin A. v. Trump, No. 26-cv-251, ECF No. 10 (D. Minn. Jan. 26, 2026); Nadejda P. v. Lyons, No. 26-cv-404, ECF No. 7 (D Minn. Jan. 22, 2026). As such, the court will grant the petition in part.

2

Accordingly, **IT IS HEREBY ORDERED that:**

1. The petition for writ of habeas corpus [ECF No. 1] is granted in part; and

2. Respondents shall:

   (a) Complete inspection and examination of petitioner as required by 8 U.S.C. § 1159(a) within seven days of the date of this order and file a notice confirming that inspection has been completed, stating the outcome, and stating whether respondents contend that continued detention is authorized on a specified lawful basis; or

   (b) Immediately release petitioner from custody in Minnesota, and file a notice confirming the date, time, and location of release.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  January 27, 2026         /s David S. Doty
                                 David S. Doty, Judge
                                 United Stated District Court